UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY RANIOLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV00601 ERW |
| ) | |
| SOUTHPORT, LLC, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment [ECF No. 11].

**I.   FACTUAL BACKGROUND**

This lawsuit originated when Plaintiff Mary Raniolo ("Plaintiff") filed a complaint against Defendants Southport, LLC, Gary L. Allen, and Garik Allen ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*. The undisputed facts are as follows.

From March 5, 2012, until March 30, 2014, Plaintiff was employed at Rosemont Senior Living Centre ("Rosemont") as a cook. ECF No. 12.[1] Rosemont rents rooms to residents and provides weekly housekeeping and daily food preparation services. Rosemont is owned and operated by Southport, LLC and its annual gross revenue exceeds $500,000. Defendant Gary Allen ("Defendant Gary") is the President and majority owner of Southport and his duties

---
[1] All of the undisputed facts are stated in Plaintiff's Statement of Undisputed Facts, ECF No. 12. Defendants have admitted to all but one of Plaintiff's facts.

1

include anything that needs to be done for Rosemont. Defendant Garik Allen ("Defendant Garik") is the General Manager of Rosemont and reports directly to his father, Defendant Gary. Defendant Garik has responsibility over employee personnel matters, while Defendant Gary has the ability to veto Defendant Garik's decisions. Defendant Garik has control over how to pay employees, how much to pay employees, and implementing pay policies.

Plaintiff was hired by Defendant Garik for her position as a cook. As part of her daily job duties, Plaintiff regularly ordered and prepared food items and ingredients which originated outside the state of Missouri. Defendant Gary and Defendant Garik were Plaintiff's only supervisors and determined how she was paid, which was on an hourly basis. For all hours Plaintiff worked in excess of forty in a workweek, Plaintiff was only paid her regular hourly rate, not the overtime rate of one and one-half times her regular rate. Plaintiff worked over 900 hours of overtime during her employment at Rosemont. These hours are reflected on her timesheets. Although Defendants knew they must follow applicable state and federal laws, Defendants did not pay Plaintiff overtime after making an agreement with Plaintiff she would not be paid overtime in return for being allowed to work extra hours.

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an

element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the

summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III. DISCUSSION

Defendants do not dispute Plaintiff qualifies under both the FLSA and MMWL and is owed overtime pay due to Defendants' violations. The only disputes between the parties concern damages. Plaintiff is asking for actual overtime damages, liquidated damages, and reasonable attorneys' fees and litigation costs. Defendants dispute the time period for actual damages, and deny Plaintiff is entitled to liquidated damages. Additionally, Defendant asserts costs should be recovered by Defendants for Plaintiff's initial dismissal of the case and refiling in a new forum. The Court will address each as follows.

### A. *Actual Damages*

The parties do not dispute the accuracy of the timesheets as to Plaintiff's number of hours and rate of pay. The dispute arises over the time period Plaintiff seeks overtime pay and the applicable statute of limitations. The MMWL has a two-year statute of limitations period; thus, Plaintiff is seeking damages for April 10, 2013, until March 30, 2014. Defendants do not dispute the time period under the MMWL. The FLSA has a similar two-year statute of limitations period unless the cause of action arises out of a willful violation, which has a three-year statute of limitations period. 29 U.S.C. § 255 (1974). Plaintiff asserts Defendants knew they had a legal obligation to pay their employees in compliance with wage laws and deliberating disregarded any risk they were in violation of those laws. Defendants argue they had no actual

4

knowledge their agreement with Plaintiff was invalid as a matter of law and they were simply attempting to help Plaintiff work additional hours without having to get a second job.[2]

A willful violation of the FLSA is when an "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Reckless disregard requires actual knowledge of a legal requirement and deliberate disregard of the risk of violating the law. *June-Il Kim v. Suk, Inc.*, No. 12 Civ. 1557(ALC), 2014 WL 842646 at *7 (S.D.N.Y. Mar. 4, 2014). Plaintiff bears the burden of proving willfulness. *Id.*

The record in this case does not show a willful violation of the FLSA. Garik stated in his deposition he knew he must follow the wage laws. ECF No. 12-1, 39:9– 41:11. He also stated he believed there was a law stating an employee could enter an agreement with an employer to not be paid overtime. ECF No. 12-1, 82:2-19. He was not aware of any law to the contrary ECF No. 12-1, 87:1- 89:25. Plaintiff has not shown actual knowledge of a legal requirement.[3] The legal requirement at issue is Defendants' obligation to pay overtime wages, not a general obligation to follow applicable wage laws. If this reasoning were applied, every violation would be willful because everyone understands they must follow applicable laws. The statute of limitations will be limited to two years for both the MMWL and FLSA violations.

### B. *Liquidated Damages*

---

[2] The facts are not in dispute, but rather whether the Defendants' actions constitute a "willful violation."
[3] Plaintiff's cited cases do not support her conclusion there was a willful violation. In *Johnston v. Specialty Restaurants Corporation*, the court found defendant's refusal to admit to a violation up until the first day of trial showed a lack of good faith for the purposes of determining liquidated damages. 628 F. Supp. 32, 36 (W.D. Mo. 1985). Additionally, in *Jin M. Cao v. Wu Liang Ye Lexington Restaurant Incorporated*, Defendants committed a wide range of FLSA violations, including not paying minimum wage at all, when the court found their ignorance of wage laws amounted to a willful violation due to their many years in the restaurant industry. No. 08 Civ. 3725(DC), 2010 WL 4159391 at *6 (S.D.N.Y. Sept. 30, 2010). This is not the situation present here.

The parties also dispute the applicability of liquidated damages. Liquidated damages are not punitive but are compensation for the delay in payment of wages. *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008). Under 29 U.S.C. § 216(b), an award of liquidated damages is mandatory unless the employer can show good faith and reasonable grounds for believing it was not in violation of the FLSA.[4] *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 957 (8th Cir. 1999). The employer bears the burden of proving good faith and reasonableness. *Chao*, 547 F.3d at 941. Liquidated damages are the norm. *Id.* at 941-42. To establish good faith, an employer must show "he took affirmative steps to ascertain [FLSA's] requirements," but still violated it. *Id.* at 942 (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991). The employer must also prove its position was objectively reasonable; ignorance or lack of knowledge will not suffice. *Id.* (citations omitted). A finding an employer did not commit a willful violation does not establish the employer acted in good faith. *Id.*

Defendants did not establish good faith and reasonable grounds for belief it was not in violation of the FLSA. There are no facts in the record showing Defendants took affirmative steps to learn the requirements of the FLSA. Had Defendants done so, they would have quickly discovered an agreement not to be paid overtime is not a defense to the requirements. Plaintiff will be awarded liquidated damages.[5] Plaintiff's actual damages are $2,730.63 and liquidated damages are $2,730.63. Plaintiff's total damages are $5,461.26.

### C. Attorneys' Fees and Costs of Litigation

---

[4] Similarly the MMWL requires recovery of liquidated damages. Mo. Rev. Stat. § 290.527 (1990).
[5] Liquidated damages under both the MMWL and FLSA are an amount equal to the amount of wages owed. *See* Mo. Rev. Stat. § 290.527; 29 U.S.C. § 216(b).

Defendants do not object to Plaintiff being awarded reasonable attorneys' fees and costs. However, Defendants request Plaintiff be required to pay Defendants' costs incurred in a previous cause of action asserting the same claims in state court and any attorneys' fees which are duplicative or unnecessary.[6] Plaintiff objects to this request.

Both the MMWL and FLSA allow for recovery of reasonable attorneys' fees. Mo. Rev. Stat. § 290.527; 29 U.S.C. § 216(b). Federal Rule of Civil Procedure 41(d) states a court may order a plaintiff to pay all or part of the costs of a previous action which was voluntarily dismissed by plaintiff and based on or including the same claim against the same defendant. Rule 41(d) is intended to "serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). A defendant need not show bad faith on the part of a plaintiff to be awarded costs pursuant to Rule 41(d). *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000). Although circuits are split on awarding attorneys' fees pursuant to Rule 41(d), the Eighth Circuit has allowed attorneys' fees be awarded. *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980).

Plaintiff asserts she was not forum-shopping when she dismissed her prior state case and filed in federal court. Plaintiff insists federal court is a more appropriate venue because the largest part of her lawsuit is brought under federal law and the MMWL is interpreted in accordance with the FLSA. Plaintiff's prior case filed in state court was voluntarily dismissed by Plaintiff after nine months of litigation. *See Raniolo v. Southport, LLC*, No. 14JE-CC00564. Notices of depositions had been filed and were to be taken shortly before Plaintiff's dismissal. Considerable time, resources and effort was expended in litigating the state case. For these reasons, the Court will allow Defendants to recover duplicative or unnecessary costs caused by

---

[6] Plaintiff's prior case was filed in Missouri state court with case number 14JE-CC00564.

the dismissal and refiling. Within ten days of this order, Defendants shall submit to the Court which specific costs the Defendants are seeking recovered, and support for those costs. After the submission, the Court will determine the appropriate recovery for Defendants.

Under the MMWL and FLSA, Plaintiff is entitled to recover reasonable attorneys' fees and costs. Plaintiff shall submit to the Court within ten days of this order a specific request for attorneys' fees and costs with supporting documentation upon which the Court will determine the appropriate award.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [ECF No. 11] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants shall submit a list of specific costs with supporting documentation within ten days of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a specific request for attorney's fees and costs with supporting documentation within ten days of this order.

So Ordered this 27th Day of July, 2015.

                                        **E. RICHARD WEBBER**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**