UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY RANIOLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00601 ERW |
| | ) |
| SOUTHPORT, LLC, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Petition and Request for Attorneys' Fees and Costs [ECF No. 24] and Defendants' Memo of Costs [ECF No. 29].

**I.    FACTUAL BACKGROUND**

This lawsuit originated when Plaintiff Mary Raniolo ("Plaintiff") filed a complaint against Defendants Southport, LLC, Gary L. Allen, and Garik Allen ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*.  The Court granted Plaintiff's Motion for Summary Judgment and awarded actual damages, and liquidated damages. The Court held Plaintiff was entitled to attorneys' fees and costs as required in the statute and Defendants were entitled to attorneys' fees and costs for any duplicative legal work due to the dismissal of Plaintiff's state case and refiling in federal court.

## II.   ANALYSIS

### A.   *Plaintiff's Attorneys' Fees and Costs*

Plaintiff seeks $45,080.00 in attorneys' fees and $1,173.35 in costs. Plaintiff's attorneys' fees were calculated using the lodestar method. Plaintiff seeks $350.00 per hour for Daniel Craig and Russel Riggan and $275.00 per hour for Samuel Moore. Plaintiff is seeking reimbursement for 135 hours.

Plaintiff is entitled to attorneys' fees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act and § 290.527 of the Missouri Minimum Wage Law. To determine a reasonable attorney's fee, a court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The product of this calculation is "presumed to be the reasonable fee to which counsel is entitled" when the attorney has shown the claimed rate and number of hours are reasonable. *Id*. The "novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation" are reflected in this amount. *Id*. (internal quotations omitted).

The Court finds Plaintiff has shown the requested rates for attorneys' fees are reasonable in light of the expertise of counsel, quality of representation, and length of the litigation. The Court will award Plaintiff $45,080.00 in attorneys' fees.

Plaintiff also seeks $1,173.35 in costs which includes a filing fee, process server fee, and deposition transcript fee. Costs may be awarded as well as attorneys' fees under both the FLSA and MMWL. 29 U.S.C. § 216; Mo. Rev. Stat. § 290.527. The Court will award Plaintiff $1,173.35 in costs as requested.

B. *Defendants' Attorneys' Fees and Costs*

Defendants request $8,620.00 in attorneys' fees and costs incurred in the state litigation or in the alternative, $3,230.00 for attorneys' fees and $225.00 in costs for amounts incurred in the federal litigation.

Federal Rule of Civil Procedure 41(d) states a court may order a plaintiff to pay all or part of the costs of a previous action which was voluntarily dismissed by plaintiff and based on or including the same claim against the same defendant. Rule 41(d) is intended to "serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). A defendant need not show bad faith on the part of a plaintiff to be awarded costs pursuant to Rule 41(d). *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000). Although circuits are split on awarding attorneys' fees pursuant to Rule 41(d), the Eighth Circuit has allowed attorneys' fees be awarded. *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980). Although Defendants seek the total costs of their attorneys' fees in state court or the total costs of their fees in federal court, the Court will only award those costs which are duplicative or otherwise unnecessary if the case had stayed in state court.

Defendants will be awarded $760.00 in attorneys' fees. This includes fees for the time spent reviewing dismissal of the state case, review of the federal petition, and preparation to answer the federal petition. This totals 3.8 hours. Defendants seek a reasonable hourly rate of $200.00 per hour. Using the lodestar method to calculate, the total amount is $760.00. The Court will not award costs of $225.00 for a deposition transcript of Garik Allen because Mr. Allen's testimony was necessary in summary judgment briefing and would have been incurred whether or not the case had been refiled.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall be awarded $45,080.00 in attorneys' fees and $1,735.35 in costs.

**IT IS FURTHER ORDERED** that Defendants shall be awarded $760.00 in attorneys' fees.

So Ordered this 1st Day of September, 2015.

*[signature: E. Richard Webber]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**